MOONPATH ENTERPRISES LIM-
ITED; Lavinia Corporation,
Plaintiffs—Appellees,

and

Mitsui & Company Ltd., Intervenor,

v.

JOINT STOCK HOLDING COMPANY
DALMOREPRODUCT, Defendant—
Appellant.

No. 02–35740.
D.C. No. CV–01–00274–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 6, 2003.

Appeal from the United States District
Court for the Western District of Wash-
ington; John C. Coughenour, Chief Judge,
Presiding.

Before HAWKINS and BERZON,
Circuit Judges, and QUACKENBUSH,*
District Judge.

### MEMORANDUM**

The claim of appellant Joint Stock Hold-
ing Co. Dalmoreproduct ("DMP") for
wrongful attachment is not precluded by
the subsequent assignment of the subject
of that attachment. Because the attach-
ment had already taken place at the time
that DMP assigned the cause of action to
Mitsui, Inc. ("Mitsui"), the onus was on the
parties to the assignment to explicitly in-
clude the right to challenge the attachment
in their agreement. The language of the
assignment clause is insufficient to absorb
rights with regard to the preceding attach-
ments, including any action for wrongful
attachments. While DMP's claim for

---

* Honorable Justin L. Quackenbush, Senior Dis-
trict Judge for the Eastern District of Wash-
ington, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

wrongful attachment was viable, the district court correctly granted the motion to compel arbitration submitted by Appellees Moonpath Enterprises Ltd. and Lavinia Corp. (collectively "Lavinia"). Under the Contract of Affreightment and companion Master Agreement (collectively "Agreement") between Lavinia and DMP, the parties were bound to arbitrate "any matters, disputes or issues arising hereunder or in connection herewith." Recognizing the strong federal policy favoring arbitration, we have interpreted arbitration clauses in accordance with the breadth of the language used. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 719 (9th Cir.1999). When inclusive phrasing such as "issues arising hereunder" or "in connection herewith" is used, "every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute" should be sent to arbitration. *Simula,* 175 F.3d at 720 (quoting *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.,* 863 F.2d 315, 321 (4th Cir.1988)).

Although the wrongful attachment claim had to be litigated before the arbitration board if at all, DMP failed to raise it and the final arbitration award provides no relief on that claim. DMP also failed to contest the resulting arbitration award and the motion to confirm that award presented to the district court.[1] Whether this failure constitutes waiver or a failure to raise grounds for review under the Convention on the Recognition and Enforcement of Foreign Arbital Awards, 9 U.S.C. § 207, we decline to consider the claim for wrongful attachment here. As a final matter, DMP also waived any right to contest the disbursement of the funds that were the subject of the attachment when it entered into a stipulated settlement agreement with Lavinia and Mitsui prior to the announcement of the arbitration award.

AFFIRMED.

---

1. DMP's response to the motion to confirm was to contest the validity of the writ of attachment, not the substance of the award itself.